Roy M. Page, S.
This is a five-pronged motion by Esther L. Dyke, as administratrix with the will annexed of the estate of Irene E. Smith, deceased, duly instituted by an order to show cause granted by this court on the 24th day of September, 1956. The various forms of relief sought by this motion are as follows: *287 entitled proceeding; (2) rendering a decree admitting to probate the said alleged last will and testament of said Duncan Bell, deceased; (3) granting letters of administration with the will annexed upon the estate of said Duncan Bell, deceased, to said petitioner; (4) confirming a compromise agreement by and between all the various parties interested in the estate of said Duncan Bell, deceased, and (5) fixing the bond to be posted by said petitioner as administratrix with the will annexed of the estate of said Duncan Bell, deceased.
The present proponent is Edwin Arthur Hall, as executor of the last will and testament of Irene E. Smith, deceased, the said Irene E. Smith having been, under the alleged last will and testament of Duncan Bell, deceased, the sole beneficiary of his estate. Upon Ms own petition, he was permitted to account and resign as executor of the last will and testament of said Irene E. Smith, deceased, by a decree of this court duly entered on the 29th day of March, 1956.
Section 139 of the Surrogate’s Court Act specifies the qualifications of a proponent. The sine qua non of these qualifications is that the proponent must be a party, in some way, interested in the estate of the deceased whose alleged will is in the process of being submitted to the court for probate. The only interest Mr. Hall ever had in the estate of said Duncan Bell, deceased, was as the executor of the last will and testament of said Irene E. Smith, deceased, who would become the sole beneficiary thereof in the event that the said alleged last will and testament of said Duncan Bell, deceased, were admitted to probate. By reason of his resignation as executor of the estate of Irene E. Smith, deceased, he, of course, relinquished his qualification to be a proponent in the proceeding for the probate of the alleged last will and testament of said Duncan Bell, deceased. His former position as executor of the estate of said Irene E. Smith, deceased, is now occupied by the present petitioner and she is, therefore, entitled to be substituted in his place and stead as the proponent herein.
As to all the other forms of relief embraced in the present motion, they are all premature. But, in any event, these are all matters which are, automatically, routine and without the necessity of any motion concerning them. Before the alleged will of said Duncan Bell, deceased, can be admitted to probate, it will be necessary that a basis be provided for this court’s passing upon the question as to the confirmation of the above-mentioned agreement which purports to compromise and settle the objections to the probate of the alleged last will and testament of said Duncan Bell, deceased. This cannot be done until a hearing is held for the (1) substituting said petitioner as proponent in the above- *288 purpose of determining whether or not said agreement is such that it complies with section 19 of the Decedent Estate Law and especially as to whether or not it is in the interest of infant respondents herein. Over and beyond all this, the alleged last will and testament of said Duncan Bell, deceased, cannot be admitted to probate in advance of a hearing on probate in accordance with the provisions of sections 141 and 144 of the Surrogate’s Court Act.
Motion in relation to substitution of proponent granted, without prejudice to the right of the attorney for the present proponent to apply for allowance of his compensation as such attorney, and denied as to all the other species of relief included in this motion.
Settle order accordingly.